**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:07CR120** |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| vs. | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **LENA SHAW,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | **ORDER** |

On October 16, 2007, Lena Shaw ("Defendant") was sentenced to three (3) years probation for Making, Uttering & Possessing Counterfeit Securities of an Organization. Defendant's probation was revoked on November 16, 2008, and she was sentenced to one (1) day custody followed three (3) years supervised release. Defendant's supervised release commenced on November 7, 2008.

On or about June 1, 2010, the U.S. Pretrial Services and Probation Office submitted a violation report alleging the following violations of the terms of Defendant's supervised release:

1. Failure to Pay Restitution

2. Failure to Attend GED

3. Failure to Report as directed

4. Failure to Follow Directives

5. Failure to Attend Drug Aftercare

6. Failure to Comply with Special Employment

The matter was referred to Magistrate Judge George J. Limbert to conduct the appropriate procedures and supervised release revocation hearing, if necessary. On August 3, 2010, Defendant appeared before the Magistrate Judge for a violation hearing and was represented by appointed counsel Edward Mullin. Defendant admitted to violations 1-6 as charged in the June 1, 2010 report. On August 4, 2010, the Magistrate Judge issued a report and recommendation, recommending that this Court find that Defendant violated the terms of her supervised release.

The Court has reviewed the Magistrate's report and recommendation and finds that it is well-supported. Defendant has admitted violations 1-6 as charged in the Probation Office's June 1, 2010, violation report. As a result, the Court finds that the Defendant has violated the terms of her supervised release.

The Court has considered the statutory maximum sentence of two years pursuant to 18 U.S.C. § 3583(e)(3). The Court has also considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing sentence. The guideline range is 4-10 months pursuant to U.S.S.G. § 7B1.4(a). Furthermore, the Court has considered the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d).

The Court hereby **ADOPTS** the Magistrate's Report and Recommendation. (Dkt. # 145). Based on the Court's review of all relevant factors, the Court hereby orders that the Defendant's supervised release is **REVOKED**, and the Defendant is committed to the custody of the Bureau of Prisons for six (6) months. The sentence shall be held in abeyance until September 10, 2010, 10:00 a.m., when the Court will determine whether or not to

implement the sentence imposed.

     **IT IS SO ORDERED.**

                                     <u>s/ Peter C. Economus - August 11, 2010</u>
                                     **PETER C. ECONOMUS**
                                     **UNITED STATES DISTRICT JUDGE**